PAUL, HASTINGS, JANOFSKY & WALKER LLP
KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

PAUL, HASTINGS, JANOFSKY & WALKER LLP
J. AL LATHAM, JR. (SB# 71605)
allatham@paulhastings.com
GAYLE A. GOLDMAN (SB# 240519)
gaylegoldman@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
AT&T CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA J. NASSER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AT&T Corp., a New York Corporation, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO. CV 05-05426 PJH<br><br>**CONFIDENTIALITY STIPULATION AND ORDER** |

　　　　In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

　　　　1.　　Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving personal information (including, but not limited to, individuals' addresses, social security numbers, or health and

CASE NO. CV 05-05426 PJH

CONFIDENTIALITY STIPULATION AND ORDER

1   medical information), trade secrets, confidential business or financial information, or other
2   information the disclosure of which is restricted or prohibited by applicable law.  Where a
3   document or response consists of more than one page, the first page and each page on which
4   confidential information appears shall be so designated.

6   2.   A party or non-party may designate information disclosed during a deposition or in
7   response to written discovery as "confidential" by so indicating in said responses or on the record
8   at the deposition and requesting the preparation of a separate transcript of such material.
9   Additionally a party or non-party may designate in writing, within twenty (20) days after receipt
10  of said responses or of the deposition transcript for which the designation is proposed, that
11  specific pages of the transcript and/or specific responses be treated as "confidential" information.
12  After any designation made according to the procedure set forth in this paragraph, the designated
13  documents or information shall be treated according to the designation until the matter is resolved
14  according to the procedures described in paragraph 7 below.  All documents designated
15  "confidential" are hereinafter identified as "Confidential Information."

17  3.   All Confidential Information produced or exchanged in the course of this case
18  (other than information that is publicly available) shall be used by the party or parties to whom
19  the information is produced solely for the purpose of this case.

21  4.   Except with the prior written consent of the other parties, or upon prior order of
22  this Court obtained upon notice to opposing counsel, Confidential Information shall not be
23  disclosed to any person other than:

25      a.   counsel for the respective parties to this litigation, including in-house
26  counsel and co-counsel retained for this litigation;

28      b.   employees of such counsel;

      c.    individual parties and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

      d.    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

      e.    any authors or recipients of the Confidential Information;

      f.    the Court, Court personnel, and court reporters;

      g.    any mediator, arbitrator, or other alternate dispute resolution facilitator retained for this litigation; and

      h.    witnesses and potential witnesses (other than persons described in paragraph 4(e)).  A witness or potential witness shall sign the Certification before being shown a confidential document.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    In the event that any portion of any document, answer to interrogatory or request for admission, or deposition transcript identified as containing Confidential Information is submitted to the Court for any purpose, or if any pleading, motion, brief or declaration containing

or disclosing Confidential Information is submitted to the Court for any purpose, the party submitting the Confidential Information will notify the party to whom the Confidential Information belongs at least five (5) calendar days prior to filing the pleading, motion, brief or declaration containing or disclosing the Confidential Information to the Court.  The party planning to submit the Confidential Information will specify what Confidential Information will be submitted to the Court so that the party to whom the information belongs may prepare the appropriate motion to have the record filed under seal.  The parties will then coordinate the filing of the pleading, motion, brief or declaration so that the party to whom the confidential information belongs can simultaneously file the appropriate motion with the Court to have the record filed under seal in accordance with Northern District of California Local Rule of Court 79-5.  The party filing the pleading, motion, brief or declaration will lodge the Confidential Information with the Court in accordance with Northern District of California Local Rule of Court 79-5.

7.  If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.  The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

8.  Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

   a.  the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

      b.    the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

      c.    the Court rules the material is not Confidential Information.

9.    All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

10.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11.    This stipulation shall become effective and binding upon the parties as of June 23, 2006.

1 | Respectfully submitted,

2 | DATED: June 22, 2006     PAUL, HASTINGS, JANOFSKY & WALKER LLP
3 |                          J. AL LATHAM, JR.
                             KATHERINE C. HUIBONHOA
4 |                          GAYLE A. GOLDMAN

5 |

6 |                          By: /s/ Katherine C. Huibonhoa
                                 _____
7 |                              KATHERINE C. HUIBONHOA
                                 Attorneys for Defendant

8 |
9 | DATED: June 23, 2006     FRANKEL & GOLDWARE, LLP
                             STUART I. GOLDWARE
10|                          MICHELLE R. FERBER
                             ELLEN P. ROSENBLUTH
11|

12|                          By: /s/
13|                              _____
                                 MICHELLE R. FERBER
14|                              Attorneys for Plaintiff

# ORDER

THE FOREGOING STIPULATION IS APPROVED AND SO ORDERED.

DATED: 7/10/06    _____

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*
*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in BRENDA NASSER v. AT&T CORP., *et al.*, Case No. RG 05-0235898. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom — in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information — including copies, notes, or other transcriptions made therefrom — to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Order.

DATED: _____    _____

LEGAL_US_W # 53715372.1